# SUPREME COURT.

EDMUND J. GENET agt. GERARD R. BEEKMAN, and others.

It is only in cases where a *clear surplus* will exist, after a resonable sum has been appropriated to the *support of the person for whose benefit a trust has been created*, that courts of equity are authorized to interfere in behalf of *judgment creditors*, and divert a portion of the income or annuity so dedicated, to the payment of the *debts of such person*.

*New York General Term, March,* 1866.
*Before* INGRAHAM, *P. J.,* LEONARD *and* BARNARD, *Justices.*

APPEAL by plaintiff, from a judgment entered at special term for defendant, on a report of a referee.

GEO. C. GENET, *for appellant.*

A. THOMPSON, *for respondents.*

*By the court,* LEONARD. J. It is sought by this action to reach some portion of the income of a trust estate in behalf of a judgment creditor; the trust having been created under the will of a father for the support of his son, the defendant in the judgment.

The referee has found the net income of the trust to be about $1,100, and that the sum of $1,200 is a reasonable sum for the support of the debtor, having just regard to his situation in life, and to maintaining the condition in which he was left by his father.

The referee was authorized to take those circumstances into consideration in arriving at his conclusion. (*Sillick* agt. *Mason*, 2 *Barb. Ch. R.* 79 ; *Clute* agt. *Bool*, 8 *Paige* 86–7.)

The plaintiff complains that the debtor keeps house, and supports an old female servant of his father.

I am unable to perceive that this circumstance affords sufficient ground for diverting any part of the income in favor of a creditor.

It may have been within the very intent of the father that his son should keep house and maintain the servant. While the law sanctions trusts of the nature and objects of the one under consideration, it would be unwarrantable for courts to hold too severe and strict a rule upon the expenditures of the *cestui que trust.* It is true that no person is to be encouraged by courts in incurring debts, indulging expensive habits, and setting just creditors at defiance. At the same time, it is well for creditors not to give credit to persons who have no estate of their own, and engaged in no pursuit of industry whereby any means is to be earned. The debt of the plaintiff was incurred before the trust in favor of the debtor was created, and the existence of that debt, with others, probably induced its provisions.

It is only in cases where a clear surplus will exist, after a reasonable sum has been appropriated to the support of the person for whose benefit the trust was created, that courts of equity are authorized to interfere in behalf of judgment creditors, and divert a portion of the income or annuity, so dedicated to the payment of the debts of such person. No such case is now presented.

The judgment should be affirmed, with costs.